DURÁN, PLAINTIFF AND APPELLANT, v. SEDA, DEFENDANT
AND APPELLEE.

APPEAL from the District Court of Mayagüez in an Action
for Annulment of Sale.

No. 2452.—Decided May 31, 1921.

PURCHASE AND SALE—MINOR—ESTOPPEL.—A minor who, being almost twenty-one
years of age, induces another person to believe in good faith that he is of
age, and under such conditions sells a property to that person, stating in
the private document that the vendor is of age and has the free manage-
ment of his properties and the capacity necessary to contract, is not entitled
to an annulment of the contract of purchase and sale under cover of his
minority.

The facts are stated in the opinion.

*Mr. F. Otero Rivera* for the appellant.

*Mr. J. Alemañy Sosa* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of
the court.

On July 19, 1920, Miguel Durán, in his own right and
as father with *patria potestas* over his legitimate minor son,
Juan Ramón Durán y Seda, brought an action in the Dis-
trict Court of Mayagüez against Modesto Seda for the annul-
ment of a purchase and sale contract involving a certain
rural property entered into between plaintiff Juan Ramón
Durán y Seda and defendant Modesto Seda, for the restora-
tion of the said property to plaintiff Durán y Seda and for
the recovery of the sum of $150 as the mesne profits during
the one year and three months which the grantee held pos-
session of the property. As the essential ground of this
action plaintiff Juan Ramón Durán y Seda alleges that he
was a minor when he entered into the contract with the de-
fendant and that the latter took advantage of that fact in
order to purchase for $224 a property which was then worth
and is still worth $562.

In answering the complaint the defendant alleged that
plaintiff Juan Ramón Durán y Seda was of age and had the

free management of his properties when he sold this property, as stated by him in the private document which he signed, and that the property was not worth more than the sum of $222.75 which he paid for it.

The defendant also filed a counter-complaint praying that plaintiff Juan Ramón Durán y Seda be adjudged to execute in his favor a public deed of sale to the property for the same price agreed on in the contract.

After a trial the court entered judgment on February 10, 1921, dismissing the complaint and sustaining the counter-complaint, with the costs against plaintiff Juan Ramón Durán y Seda, who appealed from that judgment.

The pertinent part of the opinion which served as a basis for the judgment is as follows:

"From the evidence examined the court finds the following facts:

"On February 1, 1919, in the ward of Llanos Tuna of the municipality of Cabo Rojo, Juan Ramón Durán y Seda and defendant Modesto Seda entered into a contract by virtue of which the former sold to the latter a rural property belonging to the former and situated in the same ward of Llanos Tuna for the sum of $223.75. A survey of the property was made and showed that it had an area of one acre and seventy-nine hundredths. The purchase price was paid in cash by one Villas Pagán in the name of Modesto Seda in two instalments; $205 on the date of the contract to the grantor, Juan Ramón Durán y Seda, at the home of the said Pagán, and $18.75 to Miguel Durán, the father of the grantor, some days later in the town of Cabo Rojo.

"Miguel Durán took part in all the details of the contract entered into between Juan Ramón Durán y Seda and Modesto Seda; in the offer to sell the property; in the survey, and in the delivery thereof, and he even received a part of the purchase price for his son. Both in accord positively said to defendant Modesto Seda and to the other persons who took part in the transaction that Juan Ramón was already of lawful age and therefore had the capacity to make the sale. In the private document wherein they made this contract Durán y Seda stated that he was of age and had the free management of his properties and the necessary legal capacity to contract. Defendant Modesto Seda believed in good faith that Juan

Ramón Durán y Seda was of age when the contract was made and for that reason became a party to it.

"Juan Ramón Durán y Seda agreed with Modesto Seda to execute a public deed of sale to the property as soon as he should be asked to do so, but has not done so regardless of the request of Modesto Seda to that effect.

"There is no evidence to prove the allegation of the complaint that the defendant took advantage of the circumstances in order to purchase the property for less than it was worth; but, on the contrary, it may be inferred from the evidence that a reasonable price was paid for it.

"On the first day of February, 1919, the date of the contract, Juan Ramón Durán y Seda was not yet twenty-one years of age. This case was tried on December 20, 1920, and on that date the said Juan Ramón Durán y Seda was twenty-one years and three months of age. From his general appearance he seems to be much older and this explains clearly the success of his misrepresentation and deceit in claiming to be of age when he was not yet twenty years old.

"As a question of law the court concludes that both Miguel Durán and Juan Ramón Durán y Seda are estopped from pleading the nullity of the sale made by the latter to Modesto Seda and recovering the property sold while retaining the money paid for it, because they conspired and agreed to have Juan Ramón make the sale as an adult and Modesto Seda, the grantee, believed in good faith that he was of age. (14 Ruling Case Law, 23 *et seq.*)

\*       \*       \*       \*       \*       \*       \*

"From the foregoing findings of fact and conclusion of law it appears clearly that Juan Ramón Durán y Seda is under the obligation to execute in favor of defendant Modesto Seda a public deed of sale to the property in controversy.

"Therefore the court is of the opinion that it should dismiss the complaint in this case and sustain the counter-complaint with the costs against the plaintiff."

The appellant alleges in support of his appeal that the court erred in weighing the evidence and also in applying the law contrary to section 1230 of the Civil Code by giving validity to a contract to which the plaintiff could not give his consent because he was a minor.

We have examined the evidence introduced at the trial by both parties and it supports the findings of fact of the trial court. Juan Ramón Durán y Seda was really a minor when he made the contract with defendant Modesto Seda for the purchase and sale of the property, and although he and his father testified that they had made no statement to the effect that Durán y Seda was of age, the private document of sale itself, signed by the grantor, and the testimony of the witnesses for the defendant tend to show the contrary. The court adjusted the conflict in the evidence in favor of the defendant and we must uphold its conclusions, for it has not been shown that it acted with passion, prejudice or partiality, or committed manifest error.

Under the said findings of fact we are convinced that the conclusions of law arrived at by the court are in accordance with the law instead of being erroneous.

In support of the validity of the contract of purchase and sale sought to be annulled we cite the doctrine laid down in the case of *Garcia et al.* v. *Garzot,* 18 P. R. R. 835, and as regards the counter-complaint, we refer to section 1247 of the Civil Code which provides that acts and contracts the object of which is the creation, transmission, modification, or extinction of property rights in real property, must appear in a public instrument. If plaintiff Juan Ramón Durán y Seda sold the real property in question to defendant Modesto Seda and executed in his favor a private document witnessing the contract, he should be compelled to fulfill the formality of executing a public deed, as provided for in section 1246 of the Civil Code.

The judgment appealed from must be

*Affirmed.*

Justices Wolf, Del Toro, Aldrey and Hutchison concurred.